Tomlinson *v.* Stiles.

---

EPHRAIM TOMLINSON *vs.* MONTGOMERY STILES.

A writ of attachment creates no lien on real estate, nor can any title be acquired by virtue of a sale under proceedings in attachment, unless the land is inventoried and appraised, and returned by the sheriff as attached.

---

In ejectment. Error to the Burlington Circuit Court.

Argued at November term, 1859, before the CHIEF JUSTICE and Justices HAINES and VREDENBURGH.

Tomlinson v. Stiles.

*Merritt* and *Browning*, for plaintiff in error.

*Ten Eyck* and *Dayton*, for defendant.

The opinion of the court was delivered by the

CHIEF JUSTICE. On the trial of this cause in the court below, the plaintiff in error, who was also plaintiff in ejectment, attempted to establish title to the premises in dispute under a deed made by auditors in attachment. Two objections were made to the validity of the title, *viz.*

1. That the land in question had never been attached.

2. That the defendant in attachment had no such interest in the premises at the time of the service of the writ as could be attached.

On one or both of these grounds the plaintiff was nonsuited, and now he seeks to reverse that judgment for illegality.

By the return of the sheriff to the writ of attachment, and by the inventory and appraisement thereto annexed, it appears that the sheriff, by virtue of the writ, attached and inventoried two lots of land, a legacy of $5000, and certain specified chattels, all of which were duly inventoried and appraised at $5703. In addition to the articles thus inventoried the defendant was also entitled, under the will of his father, to an interest in the proceeds of the sale of the residue of the real and personal estate of the testator. This interest was not attached by the sheriff nor specified in the inventory or return. To sustain the plaintiff's title, it is necessary to maintain that it is unnecessary to attach or inventory real estate, but that the mere issuing of the writ not only creates a lien upon the defendant's real estate, which continues though the land be not attached or inventoried under the writ. The act (*Nixon's Dig.* 33, § 5, 6) specifies the mode in which the attachment shall be executed, and requires that the officer executing the writ shall, with the assistance of one discreet and impartial freeholder, make a just and true in-

ventory and appraisement of all the property and estate of the defendants so by him attached, and such inventory and appraisement, dated and signed by himself and the said freeholder, and shall annex to and return with the said writ.

By the act of 1748, (*Allinson's Laws* 172) an inventory or appraisement of the personal property only was required. But by the act of 1798, (*Paterson Laws* 296, § 4), the officer executing the writ is required to make an inventory of *all the property and estate of the defendant by him attached*. The language clearly includes the real as well as the personal estate attached, and the change in the phraseology is so marked as to render it certain that it was designed to effect a change in the statute itself. The uniform construction of the statute of 1798, has been in accordance with its literal meaning, and it has been held necessary for the sheriff to attach, inventory, and appraise, as well the real as the personal estate of the defendant. Such is beleived to have been the constant practice under the act for a period of over sixty years. The writ, by the terms of the act of 1798, bound the property and estate of the defendant attached by virtue of the writ from the time of executing the same.

By the act of 1820, § 3, it was provided that no person against whom a writ of attachment should issue shall, after issuing the same, alien or encumber his lands, and that the writ should immediately upon the issuing thereof become a lien upon the real estate of the defendant. This provision was in the revision of 1846, was incorporated into the original act, and now forms the eighth section. *Nix. Dig.* 33, § 8. Its design was to prevent the alienation of the real estate by the defendant after the issue of the writ of attachment, and before its execution. It was not designed to alter the mode of executing the writ, much less to render its actual execution unnecessary. The sole design of the provision was to make the lien operative upon the real estate from the issue, and not from the service of the

writ. But the lien is created only upon the property actu-ally attached. Where there is no attachment there is no lien, either upon real or upon personal property. Where the attachment is executed, the lien attaches upon real property at the time of issuing the writ, upon the personal estate at the time of its service. The mere issuing of the writ is not an attachment of the property. If no property be inventoried or appraised, no judgment in attachment can be rendered. The proceeding is in *rem,* and operates only upon the property attached. The auditors can make sale and assurance only of such goods and chattels, *lands and tenements,* of the defendant as were attached and taken in the mode prescribed by the act, *i. e.* either such as were attached on the execution of the writ or such as were seized and taken by the auditors under the special provis ions of the act, (§ 29, 30).

The 5th and 6th sections of the act, so far as they relate to the formal mode of the execution, have been regarded as directory only. A substantial compliance with the require-ment of the statute has been held sufficient. But all the cases and all the *dicta* concur that there must be an attach-ment and a substantial compliance with the requirement of the act. Where there is no actual attachment and inven-tory of appraisement of the property there is no lien, and no title can be acquired under the provisions of the act. *Neal* v. *Cook,* 5 *Halst.* 337 ; *Welsh* v. *Blackwell,* 2 *Green* 344 ; *Thompson* v. *Eastburn,* 1 *Harr.* 100.

In *Hunt* v. *Field,* 1 *Stock.* 42, one of the grounds as-signed by the Chancellor for dismissing the complainant's bill, who was seeking relief as an attaching creditor, is that the bill did not allege that any property had been attached by virtue of the writ of attachment.

Again, the auditors are authorized to make sale of the property of the defendant only *by virtue of an order of the court for that purpose.* Without such order no sale or as-surance made by them of the defendant's property is valid.

The order of the court authorized the auditors to sell only the lands attached by virtue of the writ. They proceeded to sell not only lands which were attached and taken by virtue of the writ, but also the lands in question which were not attached. The sale, therefore, was not only in violation of the statute, but was unauthorized by the order of the court. It vested no title whatever in the plaintiff. The judgment of the Circuit Court, nonsuiting the plaintiff, was right, and must be affirmed.

This conclusion renders it unnecessary to express any opinion upon the question, whether the defendant in attachment had such an interest in the real estate included in the residuary clause of his father's will as could be attached and sold under the provisions of the attachment act.

The judgment below must be affirmed.

AFFIRMED 5 *Dutch* 426; *Cited in Miller* v. *Dungan*, 7 *Vr.* 23; *Boyd* v. *King*, 7 *Vr.* 137.